11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Ricky
W. Turner

Appellant

Vs.                   No. 11-04-00060-CV B
Appeal from Taylor County

James
Duke, Jr. et al

Appellees

 

This is an appeal from the trial court=s order dismissing the suit for failure
to comply with the requirements of TEX. CIV. PRAC. & REM. CODE ANN. ' 14.001 et seq.  (Vernon 2002).  We affirm. 

While incarcerated in the French Robertson Unit of
the Texas Department of Criminal Justice - Institutional Division, Ricky W.
Turner originally sought a declaratory judgment, injunctive relief, and
monetary damages in the amount of $500,000. 
Turner alleged that his request that his cell mate Willie James Battle
lower the volume of his radio resulted in Battle=s
death threats to Turner and to Battle=s
assault on Turner.  Turner also alleged
that James Duke, Jr as Warden of the French Robertson Unit, Austin Etheridge as
Lieutenant of prison guards at the French Robertson Unit, and Jesus Chavez as
Corrections Officer III at the French Robertson Unit acted with the deliberate
indifference at his request for their intervention in his situation with Battle
and that they falsely charged him with fighting.  Turner further alleged that defendant Chavez Aknowingly, and willfully with
intentional, malicious, sadistic, deliberate indifference@ violated TEX. CONST. art. I, '' 11 & 16 and U.S. CONST.
amends. VIII & XIV.[1]








In his brief, Turner contends that appellees= deliberate indifference to his health
and welfare resulted in Battle=s
assault upon him and thereby violated his Eighth Amendment rights.  He also contends that appellees sought a
dismissal upon grounds that he did not allege in his petition.

The record reflects that the trial court dismissed
Turner=s claims
for failure to comply with the requirements of Section 14.004.  The record before this court supports the
trial court=s
conclusions.  Turner=s reassertion of his claims on the
merits does not cure the defects in his pleadings in the trial court and does
not conform his pleadings to the requirements of Section 14.004.  Likewise, the dismissal for failure to comply
with the requirements in Section 14.004 is a proper ground for dismissal.  Turner=s
contentions on appeal are overruled.

The order of the trial court is affirmed.

 

PER CURIAM

 

July 8, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.

 











[1]TEX. CONST. art. I, ' 11
addresses the right to bail.  Article I,
section 16 concerns bills of attainder, ex post facto or retroactive laws, and
impairing obligation of contracts.

 

U.S. CONST. amend. VIII prohibits excessive
bail, excessive fines, and cruel and unusual punishments.  Amendment 14 extends federal due process and
equal protection rights to the States.